479 S.E.2d 305

**Bernard Thomas HANSON, Plaintiff Below, Appellee,**

v.

**The BOARD OF EDUCATION OF THE COUNTY OF MINERAL, Defendant Below, Appellant.**

**No. 23176.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1996.

Decided Nov. 14, 1996.

---

Phil Jordan, Keyser, for Appellee.

Claudia W. Bentley, Kimberly S. Croyle, Bowles, Rice, McDavid, Graff & Love, Martinsburg, for Appellant.

RECHT, Justice: [1]

The Board of Education of Mineral County (hereinafter the Board) appeals an order of

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honor- able Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to

the Circuit Court of Mineral County requiring the Board, as part of a settlement agreement, to credit Bernard Thomas Hanson with certain sick and vacation days and to pay $500 for his attorney's fees. On appeal, the Board claims, among other points, that the circuit court lacked jurisdiction over the parties and the subject matter. After reviewing the record, this Court finds that the circuit court lacked jurisdiction and reverses the judgment of the circuit court.

## I.

### FACTS AND BACKGROUND

On October 28, 1994, Mr. Hanson and the Board entered into a settlement agreement by which the parties attempted to resolve a dispute concerning the 1992 termination of Mr. Hanson's employment with the Board (hereinafter the settlement agreement). The 1992 dispute between the parties arose when the Board, alleging immoral conduct on the part of Mr. Hanson, terminated his employment as a full time custodian. The charge against Mr. Hanson was not based on a personal relationship with a minor/student but on his facilitation of a relationship between an adult friend and the student from the school where he was employed, and on Mr. Hanson's plea of *nolo contendere* to a charge of contribution to the delinquency of a minor.

Mr. Hanson appealed his dismissal to the West Virginia Education and State Employees Grievance Board, which upheld the Board's termination of his employment. Mr. Hanson then appealed to the circuit court, which found no relationship between Mr. Hanson's employment and the sanctioned behavior. The circuit court ordered the Board to reinstate Mr. Hanson with back pay. The Board then appealed to this Court, which granted the Board's appeal. However, during the pendency of the Board's appeal before this Court, the parties entered into the settlement agreement. On October 24, 1994,

Mr. Hanson signed a release which incorporated the settlement agreement that "fully sets forth their agreements." On October 26, 1994, we dismissed the Board's appeal "as fully compromised and settled" and certified the dismissal to the circuit court.

However, shortly after the settlement agreement and Mr. Hanson's return to work, a dispute about the meaning of the settlement agreement arose between the parties. The settlement agreement, after noting the background of Mr. Hanson's termination, provided, in paragraph 4:

> Immediately upon delivery of the executed release to the Board or its counsel, Hanson shall be reinstated with full seniority as a full-time custodian at Keyser High School in the position to which Kenneth Ritchie is now assigned.

The substantive question in the present dispute concerns the meaning of the phrase "with full seniority." After the Board reinstated Mr. Hanson to the position of custodian but failed to credit him with the 22 vacation days and 43½ sick days that would have accrued if Mr. Hanson had worked during the dispute, Mr. Hanson filed a "Motion to Compel Defendant to Comply with Agreement and Order" in the circuit court, with the same docket number as the compromised and settled case.[2] A "Notice of Hearing" and the motion were mailed to counsel for the Board, who appeared at the hearing. At the hearing, the Board moved to dismiss the case alleging that the question was not properly before the circuit court because the parties' compromise agreement had superseded the circuit court's order, thus rendering the circuit court without jurisdiction to consider the motion.

After a hearing on Mr. Hanson's motion, the circuit court, by order entered on April 11, 1995, ordered the Board to credit Mr. Hanson with 48 vacation days and 54 sick days and to pay $500 in attorney's fees to Mr. Hanson's lawyer. The Board appealed

---

an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

**2.** Mr. Hanson's motion alleged that he was "entitled to forty (40) vacation days, [sic] but has been given eighteen (18) vacation days ... [and] entitled to fifty four (54) sick days and has been given only ten and one-half (10½)."

to this Court alleging several errors including the circuit court's lack of jurisdiction.

## II.

### DISCUSSION

On appeal, the Board contends that Mr. Hanson's motion failed to give the circuit court power to hear the matter. In Syl. pt. 1 of *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975), we held:

Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket.

The Board contends that the circuit court lacked jurisdiction to hear the settlement question because the original dispute between the parties was appealed to this Court and subsequently settled by the parties. Mr. Hanson maintains that the circuit court had jurisdiction because our dismissal reinstated the circuit court's order, and the agreement created ancillary jurisdiction that was properly exercised by the circuit court based on judicial economy.

Mr. Hanson's arguments are without merit because after the matter was accepted by this Court and subsequently dismissed, the circuit court's order is not resurrected and the circuit court is without jurisdiction to consider further action absent a specific order of this Court or ancillary jurisdiction under the parties' settlement agreement.

In *Fenton v. Miller*, 182 W.Va. 731, 391 S.E.2d 744 (1990), the circuit court attempted to dissolve an injunction and dismiss a case that was before this Court on appeal. We found that the circuit court lacked jurisdiction to act further once the matter had been taken up by this Court. Syl. pt. 3 of *Fenton v. Miller*, states:

Once this Court takes jurisdiction of a matter pending before a circuit court, the circuit court is without jurisdiction to enter further orders in the matter except by specific leave of this Court.

*See Pure Oil Co. v. O'Brien*, 106 W.Va. 10, 144 S.E. 564 (1928). Rule 26 (1994) of the Rules of Appellate Procedure allows this Court to dismiss a proceeding "upon such terms as may be agreed upon by the parties or fixed by the Court."

In this case, we took jurisdiction of the matter pending and the circuit court had no jurisdiction to enter any further orders absent specific leave of this Court or ancillary jurisdiction. When parties settle a matter before this Court and we grant their request for a dismissal, jurisdiction does not spring to the circuit court; rather, the matter is dismissed and the circuit court has no jurisdiction, absent special circumstances. There is no dispute that our dismissal did not require any further action by the circuit court. Unlike a remand which returns jurisdiction to the circuit court, our dismissal in this case was without provision for further consideration by the circuit court. Our order entered on October 26, 1994 stated that "this action be, and the same hereby is, dismissed *from the docket of this Court*, as fully compromised and settled. . . ." The circuit court was clearly erroneous in considering its order, entered on September 14, 1993, to be somehow resurrected after our dismissal pursuant to the parties' settlement agreement and that the resurrected order now controls the subsequent relationships between the parties. Once this Court takes jurisdiction and subsequently enters an order dismissing the matter because of a settlement, the circuit court's previous orders are unenforceable and do not control the parties.

Mr. Hanson also argues that the terms of the settlement agreement granted ancillary jurisdiction to the circuit court. Mr. Hanson directs our attention to paragraph 6 of the settlement agreement, which states:

The Board shall take such reasonable steps as Hanson requests, including but not limited to entry of an agreed order in the Circuit Court of Mineral County, to restore *any retirement system contribution and eligibility* which Hanson may have lost or withdrawn since his termination on June 2, 1992, but only at Hanson's sole cost and expense and at not cost or expense to the Board. [Emphasis added.]

However, the section specifying reinstatement "with full seniority," paragraph 4 of the settlement agreement, made no reference to the circuit court, and the settlement agreement did not contain any general referral of disputes to the circuit court. *See* p. 8, 479 S.E.2d 307 for text of paragraph 4.

Under the plain language of the settlement agreement, the parties did not grant the circuit court ancillary jurisdiction except for restoration of Mr. Hanson's "retirement system contribution and eligibility." *See* Syl. pt. 1, *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962)("plain and unambiguous language [of a written instrument] is not subject to judicial construction or interpretation but will be applied and enforced according to such intent").

Finally, we note that ancillary jurisdiction does not automatically arise out of the "inherent power" of the circuit court for consideration of a subsequent dispute. In this case, the circuit court appears to have relied upon inherent power and the need for judicial economy. In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the United States Supreme Court found that a district court did not have inherent power to enforce terms of a settlement agreement under the doctrine of ancillary jurisdiction. Justice Scalia, writing for a unanimous Court, said:

> The short of the matter is this: The suit involves a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit.... The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. [Emphasis in original.]

511 U.S. at 381, 114 S.Ct. at 1677, 128 L.Ed.2d at 397–98.

This suit, like *Kokkonen v. Guardian Life Ins. Co. of America*, involves a claim for breach of contract, namely the settlement agreement, that was part of the consideration for which was the dismissal of an earlier suit that had been appealed to this Court. The question to be determined in this suit, the meaning of reinstatement "with full seniority," is quite separate from the questions concerning Mr. Hanson's discharge found in the settled suit. There is not automatic jurisdiction for this suit in the circuit court, although the parties in their settlement agreement could have so provided.

Generally, a circuit court obtains jurisdiction when a party institutes proceedings in a court of record in a proper legal form. *See* The West Virginia Rules of Civil Procedure, Rule 3 (1994) ("A civil action is commenced by filing a complaint with the court"); Rule 8 (1992) (requiring "a short and plain statement of the claim"); Rule 12(b)(1) and (2) (1994) (motions for "lack of jurisdiction over the subject matter ... [and] over the person," respectively). There is no allegation that Mr. Hanson attempted to institute a new proceeding in this matter which would have been an appropriate method to vest jurisdiction in the circuit court. Rather, Mr. Hanson's "Motion to Compel the Defendant to Comply with Agreement and Order," filed under the docket number of the settled case, is a fugitive document that does not comply with the procedures set forth in the West Virginia Rules of Civil Procedure for commencing an action.

■ Although a circuit court, as a court of general jurisdiction, has substantial power, it lacks the inherent power to consider a new cause of action within the framework of a previous suit. Usually we applaud efforts to achieve judicial economy, but such efforts cannot expand the power of the court to hear and determine a case. This power is granted by the constitution, statute or common law, and the Rules of Civil Procedure must be followed in order to activate that power.

■ In this case, the circuit court did not obtain jurisdiction by our dismissal or by the settlement agreement or by the circuit court's inherent power or by the institution of suit on proper legal form. Literally in this case, the circuit court lacked the power to

"speak by the law."[3] When a circuit court exceeds its lawful jurisdiction, this Court will reverse such an action. Syllabus point 3 of *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc., supra* states:

> In the exercise of appellate jurisdiction, this Court will reverse a trial court which exceeds its lawful jurisdiction.

*See Bowles v. Mitchell,* 146 W.Va. 474, 120 S.E.2d 697 (1961). Because we find the circuit court lacked jurisdiction to consider Mr. Hanson's motion, we reverse the decision of the circuit court.[4]

For these reasons, the decision of the Circuit Court of Mineral County is reversed and remanded with directions that an order be entered dismissing the action from the docket.

Reversed and remanded with directions.

---

**3.** According to *State ex rel. Summerfield v. Maxwell,* 148 W.Va. 535, 539, 135 S.E.2d 741, 745 (1964), the literal meaning of jurisdiction comes from "juris" and "dico" and means "I speak by the law." Jurisdiction is not related to the rights of the parties but concerns the power to decide a justiciable controversy between the parties.

**4.** Because of our determination that the circuit court lacked jurisdiction to consider the matter, we decline to address the Board's other assignments of error because those alleged errors arose in a meaningless preceding.