717 S.E.2d 868

**Jewell K. WHITTAKER, Petitioner Below, Appellant**

v.

**Andrew J. WHITTAKER, Respondent Below, Appellee.**

**No. 35552.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 25, 2011.

Decided March 1, 2011.

---

**32.** 127 C.S.R. § 4–3.7.2; 4–3.7.3.

David J. Lockwood, Esq., Lockwood & Lockwood, PLLC, Huntington, WV, for Appellant.

Andrew J. Whittaker, Rocky Gap, VA, pro se.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Raleigh County entered on December 2, 2009, arising out of the divorce of the appellant and petitioner below, Jewell K. Whittaker, and the appellee and respondent below, Andrew J. Whittaker. In the final order, the circuit court reversed an order of the Family Court of Raleigh County entered on November 7, 2008, with respect to the equitable distribution of the marital estate, reversed an order of the family court entered on March 25, 2009, holding Mr. Whittaker in contempt, and remanded the case to the family court for further proceedings. In this appeal, Ms. Whittaker contends that the circuit court lacked jurisdiction to reverse the November 7, 2008, order because Mr. Whittaker only appealed the March 25, 2009, contempt or-

der. She also asserts that the circuit court erred by concluding that the November 7, 2008, order was void because it provided for the distribution of assets of a limited liability company.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order entered on December 2, 2009, is reversed.

## I.

### FACTS

The parties were married on May 7, 1966, and were divorced by a final order of the Family Court of Raleigh County entered on April 7, 2008. Subsequently, Mr. Whittaker appealed the family court order with respect to the division of the parties' marital assets. On August 27, 2008, the circuit court issued an order reversing the family court's order and remanding the matter to the family court for further proceedings. The circuit court found that the family court had exceeded its jurisdiction by ordering the distribution of assets of a limited liability company. The circuit court explained:

> It is emphasized that the Family Court's authority under *West Virginia Code* § 48–7–105 is limited to a party's "ownership interest in a business entity" which, as discussed herein, does not reach the separate and distinct property interests of Whittaker, LLC. To that end, and assuming that Mr. Whittaker is a member of Whittaker, LLC, the Family Court may on remand take evidence necessary to evaluate his distributional interest for the purpose of marital distribution. That evidence might of necessity require an itemization of the properties, and values thereof, of Whittaker, LLC, but only for the purpose of evaluation of Mr. Whittaker's distributional interest, and not for direct distribution of those assets. The Family Court may distribute only Mr. Whittaker's "ownership interests in a business entity" and it may not distribute the separate property of that entity.

(Footnotes omitted.).

Thereafter, the parties reached an agreement with respect to the equitable distribution of the marital estate. The agreement was set forth in an order entered by the family court on November 7, 2008. Neither party appealed that order.

On or about January 27, 2009, Ms. Whittaker filed a Petition for Order for Rule/Contempt with the family court requesting that Mr. Whittaker be found in contempt of the November 7, 2008, order. Ms. Whittaker asserted that Mr. Whittaker had failed to convey certain properties and assets to her as agreed in the November 7, 2008, order. A hearing was held on March 11, 2009, by the family court and an order holding Mr. Whittaker in contempt was entered by the family court on March 25, 2009. Mr. Whittaker then filed an appeal of the contempt order with the circuit court.

On November 30, 2009, the circuit court held a hearing on the matter. The circuit court issued a final order on December 2, 2009, reversing the March 25, 2009, family court order holding Mr. Whittaker in contempt and also reversing the family court order entered on November 7, 2008, regarding the distribution of the marital assets. The circuit court found that "the family's court's order of November 7, 2008, subsequent to this court's remand, is void for lack of subject matter jurisdiction for the same reason that its first order was void, to the extent that it purported to order the transfer or liquidation of the assets of an LLC to satisfy Ms. Whittaker's claim for distribution of the marital estate." The circuit court reversed the family court's contempt order "to the extent that it [was] grounded on a finding that Mr. Whittaker did not comply with an order to transfer or liquidate an asset that is not a part of the marital estate because it is an asset belonging to an LLC." The circuit court remanded the matter to the family court for further proceedings. This appeal followed.

## II.

### STANDARD OF REVIEW

■ The applicable standard of review was set forth in the Syllabus of *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004), as follows:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

## III.

## DISCUSSION

■ In this appeal, Ms. Whittaker first argues that the circuit court erred by reversing the November 7, 2008, family court order because Mr. Whittaker only appealed the contempt order entered by the family court on March 25, 2009. She notes that the time period for appealing the November 7, 2008, order had lapsed,[1] and more importantly, neither party appealed the November 7, 2008, order. Thus, Ms. Whittaker contends that the circuit court lacked jurisdiction to reverse the November 7, 2008, order.

In response, Mr. Whittaker argues that the fact that neither party appealed the November 7, 2008, order is of no consequence as the order is void because the family court lacked subject matter jurisdiction. He contends that the circuit court correctly ruled that the assets of limited liability companies are not marital property, and therefore, the family court did not have subject matter jurisdiction to order the transfer of certain assets of Whittaker, LLC, to Ms. Whittaker to satisfy her equitable share of the marital estate. In support of his argument, he relies upon *Hatfield v. Painter,* 222 W.Va. 622, 630 n. 13, 671 S.E.2d 453, 461 n. 13 (2008), which states that "[a] judgment is void ... if the trial court that rendered judgment lacked subject matter jurisdiction over the parties, or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process."

■ This Court has, in fact, declared that "[t]he urgency of addressing problems regarding subject matter jurisdiction cannot be understated because any decree made by a court lacking jurisdiction is void." *State ex rel. TermNet Merchant Services, Inc. v. Jor-*

*dan,* 217 W.Va. 696, 700, 619 S.E.2d 209, 213 (2005) (*citing* Syllabus Point 5, *State ex rel. Hammond v. Worrell,* 144 W.Va. 83, 106 S.E.2d 521 (1958), *rev'd on other grounds, Patterson v. Patterson,* 167 W.Va. 1, 277 S.E.2d 709 (1981)). This Court has also advised that "subject-matter jurisdiction may not be waived or conferred by consent and must exist as a matter of law for the court to act." *State ex rel. Smith v. Thornsbury,* 214 W.Va. 228, 233, 588 S.E.2d 217, 222 (2003). Accordingly, " '[l]ack of jurisdiction of the subject matter may be raised in any appropriate manner ... and at any time during the pendency of the suit or action.' " *McKinley v. Queen,* 125 W.Va. 619, 625, 25 S.E.2d 763, 766 (1943) (citation omitted); *see also* Syllabus Point 3, *Charleston Apartments Corp. v. Appalachian Elec. Power Co.,* 118 W.Va. 694, 192 S.E. 294 (1937) ("Lack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its own motion."). While a court order may be deemed void because of a lack of subject matter jurisdiction, for the reasons set forth below, this Court finds that the circuit court erred by concluding that the family court lacked subject matter jurisdiction in this case.

The circuit court stated in its memorandum decision dated December 2, 2009, with respect to the November 7, 2008, order, that

the family court's order following remand suffers from the same jurisdictional defect as the first order, specifically, that the family court does not have the subject matter jurisdiction to order the transfer of assets that are not part of the marital estate. As carefully explained in this court's remand memorandum and order of August 27, 2008, Mr. Whittaker's interest in any LLC in which he is a member is limited to his distributional share, as he has no transferable interest in the assets of the LLC. The family court has the power to determine whether the distributional share, or a portion thereof, is subject to marital distribution and may make such orders as are necessary to accomplish that

---

1. Rule 28 of the Rules of Practice and Procedure for Family Court provides a thirty-day time period for the filing of a petition for appeal of a family court order with the circuit court.

distribution. But the family court does not have the subject matter jurisdiction to direct a member of an LLC to transfer assets of the LLC for marital distribution because the LLC's assets are not marital assets.

In this appeal, Ms. Whittaker asserts that as the only member of Whittaker, LLC, Mr. Whittaker had exclusive control of the company and therefore, the ability to agree to transfer certain assets of said company to her as part of the marital property settlement. According to Ms. Whittaker, Mr. Whittaker agreed to transfer assets of Whittaker, LLC, to her because he did not want to liquidate the company. She maintains that once they reached an agreement with respect to equitable distribution, the agreement became a binding contract and that the family court had broad authority to enforce that agreement through the November 7, 2008, order. Therefore, she contends that the circuit court erred in finding the order void for lack of subject matter jurisdiction.

Conversely, Mr. Whittaker maintains that the family court is limited to the distribution of marital property and that its powers and authority do not extend to property and assets owned by businesses or legal entities which may be affiliated with either party. Mr. Whittaker contends that the properties and assets owned by Whittaker, LLC, belong exclusively to the company, not him, and that he has no transferable interest in the properties or assets of the company. Therefore, he maintains that the family court possessed no jurisdiction or authority to legally direct, mandate, or otherwise force him to transfer any properties or assets owned by Whittaker, LLC, to Ms. Whittaker.

Upon review, this Court agrees with the circuit court that the family court does not have subject matter jurisdiction over the assets of a limited liability company for the purposes of equitable distribution. In that regard, W. Va.Code § 31B–2–201 (1996) (Repl.Vol.2009), plainly states that "[a] limited liability company is a legal entity distinct from its members." However, the November 7, 2008, order did not direct Whittaker,

LLC, to transfer its assets to Ms. Whittaker. Rather, the November 7, 2008, order memorializes the marital property settlement agreement entered into by the parties whereby Mr. Whittaker, as the sole member of Whittaker, LLC, agreed to transfer certain assets belonging to Whittaker, LLC, to Ms. Whittaker to satisfy her share of the equitable distribution of the marital estate.

It is undisputed that Mr. Whittaker is the only member of Whittaker, LLC.[2] As such, Mr. Whittaker has the authority to transfer assets and properties belonging to Whittaker, LLC, as he so desires. In that regard, W. Va.Code § 31B–3–301(c) (1996) (Repl.Vol. 2009), provides: "Unless the articles of organization limit their authority, any member of a member-managed company or manager of a manager-managed company may sign and deliver any instrument transferring or affecting the company's interest in real property." In this case, Mr. Whittaker agreed to transfer certain properties belonging to Whittaker, LLC, to Ms. Whittaker to satisfy her equitable share of the marital estate. Therefore, while we agree with circuit court that the family court does not have jurisdiction to order a limited liability company to transfer its assets, in this case, Mr. Whittaker voluntarily chose to make such a transfer as part of the marital property settlement agreement. He did so in order to satisfy Ms. Whittaker's share of equitable distribution and yet avoid dissolution of the company.

■ The family court clearly had jurisdiction to enforce the settlement agreement. It is axiomatic that " ' "[t]he law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syl. Pt. 1, *Sanders v. Roselawn Memorial Gardens, Inc.*, 152 W.Va. 91, 159 S.E.2d 784 (1968).' Syllabus Point 1, *Moreland v. Suttmiller*, 183 W.Va. 621, 397 S.E.2d 910 (1990)." Syllabus Point 3, *Sanson v. Brandywine Homes, Inc.*, 215 W.Va. 307, 599 S.E.2d 730 (2004). With regard to marital

---

**2.** During proceedings below, Mr. Whittaker testified that he is the sole member of Whittaker, LLC, and has the right to purchase, lease, sell and encumber real estate held in the name of Whittaker, LLC, without the consent of any other person, board of directors or other entity.

property settlement agreements, W. Va.Code § 48-7-102 (2001) (Repl.Vol.2009), requires that a court "shall divide the marital property in accordance with the terms of the agreement," unless the court finds:

(1) That the agreement was obtained by fraud, duress or other unconscionable conduct by one of the parties; or

(2) That the parties, in the separation agreement, have not expressed themselves in terms which, if incorporated into a judicial order, would be enforceable by a court in future proceedings; or

(3) That the agreement, viewed in the context of the actual contributions of the respective parties to the net value of the marital property of the parties, is so inequitable as to defeat the purposes of this section, and such agreement was inequitable at the time the same was executed.

In this case, there is no evidence in the record that the agreement was obtained by fraud, duress or other unconscionable conduct [3] and neither party has asserted that the agreement resulted in an inequitable division of the marital estate. Moreover, as explained above, the terms of the agreement are enforceable by court order as Mr. Whittaker had the authority pursuant to W. Va. Code § 31B-3-301(c) to transfer property belonging to Whittaker, LLC, to Ms. Whittaker. Therefore, this Court finds that the circuit court erred when it reversed the November 7, 2008, and March 25, 2009,[4] orders of the family court.[5]

## IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Raleigh County entered on December 2, 2009, is reversed.

Reversed.

3. In his brief, Mr. Whittaker notes that the family court judge required the parties to remain in the courtroom for a period of four hours while the settlement agreement was reduced to writing. He makes no claim of fraud or duress, however, and according to Ms. Whittaker, approximately ninety percent of the agreed order was completed before she filed her motion for contempt.

4. In addition to reversing the circuit court's decision with regard to the November 7, 2008, order, we also reverse the circuit court's decision with respect to the March 24, 2009, contempt order as it was based upon Mr. Whittaker's failure to comply with the November 7, 2008, order.

5. To be clear, our decision today is based upon the fact that the parties entered into a valid and enforceable settlement agreement whereby Mr. Whittaker, as the sole member of Whittaker, LLC, agreed to transfer certain assets and properties belonging to that company to Ms. Whittaker to satisfy her equitable distribution share of the marital estate. Although Ms. Whittaker asserted in her brief that some of the properties belonging to Whittaker, LLC, were purchased with marital funds, it was not necessary for this Court to decide whether or not Mr. Whittaker's interest in Whittaker, LLC, was marital property given the parties' agreement.