IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2013 Term

FILED

November 7, 2013

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 13-0438

STATE OF WEST VIRGINIA EX REL.
STEVEN O. DALE, ACTING COMMISSIONER,
WEST VIRGINIA DIVISION OF MOTOR VEHICLES,
Petitioner

v.

THE HONORABLE JAMES C. STUCKY,
IN HIS OFFICIAL CAPACITY AS JUDGE OF THE
THIRTEENTH JUDICIAL CIRCUIT,
AND MICHAEL DOONAN,
Respondents

Petition for Writ of Prohibition

WRIT GRANTED

Submitted: October 16, 2013
Filed: November 7, 2013

Patrick Morrisey, Esq.
Attorney General
Janet E. James, Esq.
Senior Assistant Attorney General
Charleston, West Virginia
Attorneys for Petitioner

George J. Cosenza, Esq.
Parkersburg, West Virginia
Attorney for Respondent
Michael Doonan

The Opinion of the Court was delivered PER CURIAM.

**SYLLABUS BY THE COURT**

1.      "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code, 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977).

2.      "'In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief;  (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal;  (3) whether the lower tribunal's order is clearly erroneous as a matter of law;  (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law;  and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression.  These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue.  Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.'  Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996)."  Syl. Pt. 1, *State ex rel. Comm'r. W.Va. Div. of Motor Vehicles v. Swope*, 230 W.Va. 750, 742 S.E.2d 438 (2013).

3.	"Jurisdiction consists of two elements.  One of these elements is jurisdiction of the subject matter and the other is jurisdiction of the person.  Jurisdiction of the subject matter must exist as a matter of law.  Jurisdiction of the person may be conferred by consent of the parties or the lack of such jurisdiction may be waived."  Syl. Pt. 4, *W.Va. Secondary School Activities Comm'n v. Wagner,* 143 W.Va. 508, 102 S.E.2d 901 (1958).

4.	"'To enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction.' Syllabus Point 3, *State ex rel. Smith v. Bosworth*, 145 W.Va. 753, 117 S.E.2d 610 (1960)." Syl. Pt. 3, *Blankenship v. Estep*, 201 W.Va. 261, 496 S.E.2d 211 (1997).

5.	"'Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket.' Syllabus Point 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975)." Syl. Pt. 1, *Hanson v. Bd. of Educ. of the Cnty. of Mineral*, 198 W.Va. 6, 479 S.E.2d 305 (1996).

Per Curiam:

This original proceeding is before the Court upon the petition of Steven O. Dale, Acting Commissioner of the West Virginia Division of Motor Vehicles ("the Commissioner"), which seeks to prohibit the Circuit Court of Kanawha County from accepting jurisdiction of Respondent Michael Doonan's administrative appeal of the Commissioner's order revoking his driver's license. The Commissioner argues that Mr. Doonan improperly filed his petition for review of the Commissioner's order in the Circuit Court of Wood County and that, as a result, that court lacked the authority to transfer the matter to the Circuit Court of Kanawha County. Upon consideration of the record in this matter, the briefs and arguments of the parties, and the applicable legal authority, and for the reasons discussed below, we grant the requested writ.

## I. Factual and Procedural Background

The facts relevant to the issue raised in the Commissioner's petition are not in dispute.[1] On January 1, 2010, Mr. Doonan was arrested for driving under the influence of alcohol ("DUI") in Parkersburg, Wood County, West Virginia. At the time of his arrest, Mr. Doonan was a resident of Wood County. Following an administrative hearing, the Commissioner issued a final order affirming the revocation of Mr. Doonan's driver's license

---

[1]Although Mr. Doonan disputes the facts giving rise to the revocation of his driver's license for second-offense driving under the influence, the merits of the underlying appeal are not presently at issue.

for second offense DUI,[2] effective December 19, 2012. Counsel for Mr. Doonan received a copy of the final order on December 11, 2012.

On January 10, 2013, Mr. Doonan filed a Petition for Review of the revocation order in the Circuit Court of Wood County pursuant to West Virginia Code § 29A-5-4 (1998).[3] At a hearing conducted on January 22, 2013, Mr. Doonan's counsel advised the circuit court that his client had moved to the State of Florida and was no longer a resident of Wood County.[4] He then requested that the matter be transferred to the Circuit Court of Kanawha County given the statutory requirement that a petition for review must be filed either in the Circuit Court of Kanawha County or in the circuit court of the county in which the petitioner resides or does business. W.Va. Code § 29A-5-4(b). The Commissioner objected to the transfer on the ground that the Circuit Court of Wood County did not have jurisdiction of the administrative appeal and, therefore, lacked the authority to transfer the matter to the Circuit Court of Kanawha County. The Commissioner argued that the matter

---

[2]Mr. Doonan's driver's license was previously revoked for DUI on June 13, 2005.

[3]Mr. Doonan also filed a Motion to Stay the revocation order for 150 days pursuant to West Virginia Code § 17C-5A-2(s) (2013).

[4]During oral argument before this Court, counsel for Mr. Doonan represented that all written correspondence to Mr. Doonan was sent to a Wood County address provided to him by his client, who never advised him that he had moved to Florida. Indeed, Mr. Doonan's counsel indicated that he did not become aware of the fact that his client had moved until he was so advised by counsel for the Commissioner at some point prior to the January 22, 2013, hearing.

2

should be dismissed and then re-filed in Kanawha County. Mr. Doonan countered that the time to file an appeal had expired and that transfer was appropriate. By order entered January 25, 2013, the Circuit Court of Wood County granted Mr. Doonan's request and ordered that the case be transferred to the Circuit Court of Kanawha County.

Thereafter, on February 6, 2013, the Commissioner filed a Notice of Special Limited Appearance and Motion to Dismiss in the Circuit Court of Kanawha County. By order entered April 22, 2013, the Circuit Court of Kanawha County, by the Honorable James C. Stucky, a respondent herein, denied the Commissioner's motion to dismiss and, in a separate order, also granted Mr. Doonan's motion to stay the Commissioner's order revoking his driver's license for a period of 150 days. On May 1, 2013, the Commissioner filed the instant petition for a writ of prohibition seeking to prohibit the Circuit Court of Kanawha County from accepting jurisdiction of Mr. Doonan's administrative appeal. Mr. Doonan filed a response thereto on May 23, 2013, and, on June 4, 2013, this Court issued a rule to show cause.

## II. Standard of Review

The current matter concerns whether the Circuit Court of Kanawha County exceeded its legitimate powers by accepting the transfer of Mr. Doonan's administrative appeal from the Circuit Court of Wood County. We previously have held that "[a] writ of

3

prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code, 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). More specifically, this Court has held:

> "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

Syl. Pt. 1, *State ex rel. Comm'r. W.Va. Div. of Motor Vehicles v. Swope*, 230 W.Va. 750, 742 S.E.2d 438, 439 (2013). In light of these established guidelines, we proceed to address the issues raised in this petition for a writ of prohibition.

## III. Discussion

Judicial review of a final order of the Commissioner revoking a driver's license for DUI is governed by West Virginia's Administrative Procedures Act, §§ 29A-1-1 to 29A-7-4. *See Swope*, 230 W.Va. at __, 742 S.E.2d at 442; *Miller v. Moredock*, 229 W.Va. 66, 69, 726 S.E.2d 34, 37 (2011); *Muscatell v. Cline,* 196 W.Va. 588, 594, 474 S.E.2d 518, 524 (1996); *Dean v. W.Va. Dept. of Motor Vehicles*, 195 W.Va. 70, 71, 464 S.E.2d 589, 590 (1995); *see also* W.Va. Code § 17C-5A-2(s) (2013) ("A person whose license is at issue and the commissioner shall be entitled to judicial review as set forth in chapter twenty-nine-a [§§ 29A-1-1 et seq.] of this code."); 91 C.S.R. § 1-3.12.3 ("The person is entitled to judicial review [of the Commissioner's final order] as set forth in W.Va. Code § 29A-5-1 et seq. and in accordance with the applicable statutory provisions."). Relevant to the Commissioner's petition for writ of prohibition is the statutory requirement that an appeal from a final order of the Commissioner must be filed either in the Circuit Court of Kanawha County or in the circuit court of the county in which the petitioner resides or does business. Specifically, West Virginia Code § 29A-5-4(b) states, in relevant part, as follows:

> Proceedings for review *shall be instituted by filing a petition*, at the election of the petitioner, *in either the Circuit Court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business*, or with the judge thereof in vacation, within thirty days after the date upon which such party received notice of the final order or decision of the agency.

(Emphasis added).

At the time Mr. Doonan filed his petition for review of the Commissioner's order revoking his driver's license in the Circuit Court of Wood County, he neither resided nor did business in Wood County as required by West Virginia Code § 29A-5-4(b). As a result, the Commissioner argues that the Circuit Court of Wood County never acquired subject matter jurisdiction of Mr. Doonan's appeal under West Virginia Code § 29A-5-4(b) and, thus, lacked the authority for its transfer of the matter to the Circuit Court of Kanawha County. We agree and conclude that the Circuit Court of Kanawha County exceeded its legitimate powers by accepting the transfer.

This Court has stated that "[j]urisdiction implies or imports the power of the court . . . ." Syl. Pt. 9, in part, *Hinerman v. Daily Gazette Co.*, 188 W.Va. 157, 161, 423 S.E.2d 560, 564 (1992). As we observed in *Hanson v. Board of Education of the County of Mineral*, 198 W.Va. 6, 479 S.E.2d 305 (1996), "the literal meaning of jurisdiction comes from 'juris' and 'dico' and means 'I speak by the law.' Jurisdiction is not related to the rights of the parties but concerns the power to decide a justiciable controversy between the parties." *Id.* at 11 n.3, 479 S.E.2d at 310 n.3 (citing *State ex rel. Summerfield v. Maxwell*, 148 W.Va. 535, 539, 135 S.E.2d 741, 745 (1964)); *see also Hansbarger v. Cook*, 177 W.Va. 152, 157, 351 S.E.2d 65, 70 (1986) ("""Jurisdiction deals with the power of the court . . . .""" (internal citation omitted)). Furthermore, we have explained that "[j]urisdiction consists of two

6

elements. One of these elements is jurisdiction of the subject matter and the other is jurisdiction of the person. Jurisdiction of the subject matter must exist as a matter of law. Jurisdiction of the person may be conferred by consent of the parties or the lack of such jurisdiction may be waived." Syl. Pt. 4, *W.Va. Secondary School Activities Comm'n v. Wagner,* 143 W.Va. 508, 509, 102 S.E.2d 901, 903 (1958); *see also Whittaker v. Whittaker,* 228 W.Va. 84, 87, 717 S.E.22d 868, 871 (2011) ("'[S]ubject-matter jurisdiction . . . must exist as a matter of law for the court to act.'" (quoting *State ex rel. Smith v. Thornsbury*, 214 W.Va. 228, 233, 588 S.E.2d 217, 222 (2003)).).

Indeed, the law is well settled that "'[t]o enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction.' Syllabus Point 3, *State ex rel. Smith v. Bosworth*, 145 W.Va. 753, 117 S.E.2d 610 (1960)." Syl. Pt. 3, *Blankenship v. Estep*, 201 W.Va. 261, 262, 496 S.E.2d 211, 212 (1997); *see also* Syl. Pt. 1, *Leslie Equipment Co. v. Wood Resources Co., LLC*, 224 W.Va. 530, 531, 687 S.E.2d 109, 110 (2009). Moreover, "'it is fundamental doctrine that "jurisdiction of the subject-matter can only be acquired by virtue of the Constitution or of some statute.'" *Cruikshank v. Duffield*, 138 W.Va. 726, 734, 77 S.E.2d 600, 604 (1953)

7

(quoting *Shelton v. Sydnor*, 126 Va. 625, 102 S.E. 83).[5]

In the case *sub judice*, subject matter jurisdiction of Mr. Doonan's appeal of the Commissioner's revocation order is acquired by virtue of West Virginia Code § 29A-5-4(b), which clearly requires that the petition for review be filed in either the Circuit Court of Kanawha County or in the circuit court of the county in which Mr. Doonan resides or does business. At the time he filed his petition for review of the Commissioner's order in the Circuit Court of Wood County, Mr. Doonan was living in Florida and, as such, he neither resided nor did business in Wood County. Under the clear language of West Virginia Code § 29A-5-4(b), the circuit court had no subject matter jurisdiction over the appeal and lacked the authority to grant Mr. Doonan's request to transfer the matter to the Circuit Court of Kanawha County. This Court has previously stated that "'[w]henever it is determined that

---

[5]*Accord Brooke B. v. Ray C.*, 230 W.Va. 355, __, 738 S.E.2d 21, 28 (2013) ("The subject matter jurisdiction of the family courts over guardianship proceedings and proceedings allocating custodial responsibility derives from various statutes."); Syl. Pt. 3, *Motto v. CSX Transp., Inc.*, 220 W.Va. 412, 413, 647 S.E.2d 848, 849-50 (2007) ("Compliance with the pre-suit notification provisions set forth in W.Va. Code § 55-17-3(a) (2002) is a jurisdictional pre-requisite for filing an action against a State agency subject to the provisions of W.Va. Code § 55-17-1, *et seq.* (2002)"); Syl. Pt. 2, in part, *Highlands Conservancy, Inc. v. Pub. Serv. Comm'n. of W.Va.*, 206 W.Va. 633, 634, 527 S.E.2d 495, 496 (1998) ("The Public Service Commission of West Virginia has no jurisdiction . . . except as conferred by statute . . . ."); *State ex rel. Preissler v. Dostert*, 163 W.Va. 719, 726-27, 260 S.E.2d 279, 284 (1979) ("[T]he power to hear and determine the issue of disqualification of an elected prosecuting attorney is vested in the circuit court under W.Va. Code § 7-7-8. . . . We find nothing in the record to indicate that any recognized procedure was followed to invoke the jurisdiction of the circuit court to disqualify the prosecuting attorney." (footnote omitted)).

a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket.' Syllabus Point 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975)." *Hanson*, 198 W.Va. at 7, 479 S.E.2d at 306, syl. pt. 1; *see also Whittaker*, 228 W.Va. at 87, 717 S.E.2d at 871 ("'[A]ny decree made by a court lacking [subject matter] jurisdiction is void.' *State ex rel. TermNet Merchant Services, Inc. v. Jordan*, 217 W.Va. 696, 700, 619 S.E.2d 209, 213 (2005)"); *Cruikshank*, 138 W.Va. at 734, 77 S.E.2d at 604 ("Where a court is without jurisdiction in the particular case, its acts and proceedings can be of no force or validity, and are a mere nullity and void . . . ."); *Preissler*, 163 W.Va. at 719, 260 S.E.2d at 280, syl. pt. 1 ("Where there is no showing on the record that any party has properly instituted proceedings in a court of record, the court cannot exercise jurisdiction over the matter and any purported order or judgment entered is void and its enforcement may be restrained by prohibition."); Syllabus, *Perkins v. Hall*, 123 W.Va. 707, 711, 17 S.E.2d 795, 799 (1941) ("the proceedings in any court are void if it wants jurisdiction of the case in which it has assumed to act.'" (internal citation omitted)).

Given that the Circuit Court of Wood County never acquired subject matter jurisdiction of Mr. Doonan's appeal of the Commissioner's revocation order, it lacked the authority to transfer the matter to the Circuit Court of Kanawha County; therefore, the circuit court's January 25, 2013, transfer order was void. *See Whittaker*, 228 W.Va. at 87, 717

9

S.E.2d at 871. Although the Circuit Court of Kanawha County would have had jurisdiction of the appeal if Mr. Doonan had timely filed his petition for review in that court in the first instance, under the facts and circumstances of this case, the circuit court exceeded its legitimate powers by accepting the transfer.[6]

## IV. Conclusion

Based upon the foregoing, we grant the requested writ of prohibition prohibiting the Circuit Court of Kanawha County from accepting transfer of Mr. Doonan's administrative appeal from the Circuit Court of Wood County.

Writ granted.

---

[6]In arguing that transfer of the appeal from the Circuit Court of Wood County to Kanawha County was appropriate, Mr. Doonan fails to address the jurisdictional requirement of West Virginia Code § 29A-5-4(b). Instead, he generally argues that transfer of the case should be governed by West Virginia Code § 56-1-1 (2007), West Virginia's general venue statute. Mr. Doonan clearly confuses the concept of venue with that of subject matter jurisdiction. "There is a distinction between jurisdiction and venue and the two terms are not synonymous. Jurisdiction is the inherent power of a court to decide a case. Venue designates the particular county in which a court having jurisdiction may, in the first instance, properly hear and determine a case." *Wagner,* 143 W.Va. at 520, 102 S.E.2d at 909. Indeed, "'"[j]urisdiction deals with the power of the court, while venue deals with the place in which an action may be tried." Syllabus Point 7, *Lester v. Rose*, 147 W.Va. 575, 130 S.E.2d 80 (1963).' Syllabus Point 2, *Vanover v. Stonewall Casualty Co.*, 169 W.Va. 759, 289 S.E.2d 505 (1982)." *Hansbarger*, 177 W.Va. at 157, 351 S.E.2d at 70. Furthermore, "[s]ubject matter jurisdiction cannot be conferred by consent or waiver, but venue may be." *Id.*

10