# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Adam Holley,**
**Acting Commissioner of the West Virginia**
**Division of Motor Vehicles,**
**Respondent Below, Petitioner**

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 18-0239** (Ohio County 16-CAP-3)

**Donald Morrison,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Adam Holley, Acting Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), by counsel Elaine L. Skorich, appeals the Circuit Court of Ohio County's February 28, 2018, order reversing the final order of the Office of Administrative Hearings ("OAH"), which affirmed the DMV's order revoking respondent's license.[1] Respondent Donald Morrison, by counsel Gregory A. Gaudino, filed a response. Petitioner filed a reply. On appeal, petitioner contends that the circuit court lacked subject matter jurisdiction and erred in substituting its judgment for that of the OAH.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order dismissing this case from its docket for lack of jurisdiction.

On February 12, 2011, respondent was arrested for driving under the influence ("DUI"), which resulted in the DMV's issuing an order revoking his driving privileges. Respondent

---

[1]At the time of the filing of the appeal in this case, Patricia S. Reed was commissioner of the DMV. Ms. Reed retired on April 1, 2019, and Adam Holley succeeded as acting commissioner. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

requested a hearing before the OAH to challenge the revocation, which was held on July 18, 2012. On March 16, 2016, the OAH affirmed the order of revocation.[2]

Petitions for review of OAH final orders must be filed "either in the Circuit Court of Kanawha County, . . . or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business." W. Va. Code § 29A-5-4(b). Accordingly, on March 25, 2016, respondent filed a petition for review of the OAH's March 16, 2016, final order in Ohio County asserting that jurisdiction was proper there because he owned "a business known as Left of Center, which regularly transacts business in West Virginia, including in Ohio County."[3] On the same date that he filed his petition for review, respondent moved the circuit court to stay the order revoking his driving privileges.

The parties appeared for a hearing on respondent's motion to stay on April 6, 2016. Respondent, a resident of the State of Ohio who works in the "pipeline field" as a heavy equipment operator, testified that his work is primarily seasonal. At the time of the hearing, petitioner was employed by Apex, a Nitro, West Virginia-based company, which required his presence in and southeast of New Martinsville, West Virginia. Respondent's employment with Apex began in February of 2016. Prior to Apex, respondent was employed by Snelson from approximately April of 2015 through November of 2015. Although respondent acknowledged that he was "not familiar that much with the county lines," he indicated that he worked for Snelson, a Washington State company, in Moundsville, West Virginia.[4] Respondent was asked, "[H]ow much do you do in Ohio County?" He responded, "[w]e worked the Highlands before Cabela's was built."[5] Respondent also acknowledged that Left of Center, a country music band, disbanded in the fall of 2015. As a result of this testimony, petitioner moved to dismiss

---

[2]No definitive explanation for the OAH's nearly four-year delay in issuing its order appears in the record. Counsel for the DMV stated that because the OAH is a separate statutory agency from the DMV, she could not speak for it; nevertheless, counsel offered that "there was a [backlog] in getting the hearings heard and it backed up the final orders."

[3]At all times relevant to this proceeding, respondent resided in the State of Ohio.

[4]Petitioner asked respondent, "In the last year, have you been in - . . . [w]orked in Wheeling, the Highlands, Triadelphia?" Respondent said, "Yes. I've worked for Snelson. We have also been – traveled through them parts, yes, ma'am. I believe so. I'm not – like I said, I'm not familiar with counties. I just go where the jobs tell me to go and do what I'm supposed to do." The record is not clear on when this work took place, but it is clear that respondent's most recent employment with Snelson ended in November of 2015, approximately four months prior to filing his petition for review with the circuit court. Thus, to the extent that any work with Snelson occurred in Ohio County beyond that performed at The Highlands, it ended in November of 2015.

[5]According to its website, The Highlands is a "shopping, dining and entertainment complex" located in Triadelphia, Ohio County, West Virginia. The Highlands, http://www.the-highlands.com (last visited Mar. 5, 2019). Cabela's opened at The Highlands in 2004. *Id.*

2

respondent's appeal for lack of jurisdiction. The circuit court indicated that it would consider the parties' arguments and pertinent authority, and then issue a written order.

The circuit court issued its order, which granted respondent's motion to stay and denied petitioner's motion to dismiss for lack of jurisdiction, on April 15, 2016. In finding that it was vested with subject matter jurisdiction, the court noted that respondent's work with Snelson required travel in and through Ohio County, and "as recently as approximately [December 15, 2015], [respondent] was also actively engaged with his musical band, which played shows throughout Ohio County." The circuit court further noted that "during the pendency of the hearing examiner's decision, [respondent's] primary employment included work within Ohio County where, in addition to traveling there, he operated both on and off-road machinery."

The circuit court also cited the "inordinate delay of approximately four . . . years in the issuance of the Commissioner's final decision regarding revocation of [respondent's] license" as a basis for finding jurisdiction. The court acknowledged that petitioner "is able to reasonably argue that jurisdiction is not proper in Ohio County for this appeal," but it found that the "the only reason such an argument is viable is the four[-]year delay between the hearing on revocation and the issuance of the DMV Commissioner's decision." The court also recognized that the appeal could be pursued in Kanawha County, but to require that "would effectively foreclose the choice conferred upon [respondent] pursuant to [West Virginia Code § 29A-5-4(b)], and such foreclosure would have been through no fault of [respondent's]."

After the entry of this order, no further action took place in the circuit court until petitioner moved to dismiss the case on July 26, 2017, for failure to prosecute. The circuit court denied the motion and entered a briefing schedule. In her brief to the circuit court, in addition to arguing that the OAH's final order should be affirmed, petitioner again raised lack of jurisdiction. Respondent argued that the court's earlier ruling on jurisdiction should not be disturbed and that the OAH's final order should be reversed. The circuit court entered an order reversing the OAH's final order on February 28, 2018, which contained no analysis of the jurisdictional issue again raised by petitioner. It is from this order that petitioner appeals.

Petitioner argues on appeal that the circuit court lacked jurisdiction over the proceedings below because respondent did not reside or do business in Ohio County in March of 2016 when he filed his petition for review.[6] Respondent testified that the band of which he was a member, and which was the asserted basis for jurisdiction in Ohio County, disbanded in the fall of 2015. The company for which respondent worked at the time he filed his petition for review was based in Nitro, West Virginia, which is located in both Kanawha and Putnam Counties, but he was physically present for that work in New Martinsville, Wetzel County, West Virginia. Respondent testified that he worked in Ohio County before Cabela's was built at the Highlands. Petitioner

_____

[6]Given that respondent resided in Ohio, the only jurisdictional issue before this Court and the circuit court was whether respondent "does business" in Ohio County. *See* W. Va. Code § 29A-5-4(b).

represents that Cabela's opened in 2004; accordingly, because respondent neither resided nor did business in Ohio County at the time he filed his petition for review, the circuit court lacked subject matter jurisdiction.[7]

This Court, in reviewing a circuit court's order in an administrative appeal, "is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). "'Whether a court has subject matter jurisdiction over an issue is a question of law[.]'" *In re Guardianship of K.W.*, 240 W. Va. 501, 506, 813 S.E.2d 154, 159 (2018) (citation omitted). Accordingly, our review of the jurisdictional determination is de novo.

West Virginia Code § 29A-5-4(a) provides that a party adversely affected by a final order of the OAH is entitled to judicial review. This review commences

> by filing a petition, at the election of the petitioner, in either the Circuit Court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, within thirty days after the date upon which such party received notice of the final order or decision of the agency.

*Id.* § 29A-5-4(b).

In *State ex rel. Dale v. Stucky*, 232 W. Va. 299, 752 S.E.2d 330 (2013), this Court granted a petition for a writ of prohibition, which was sought by the then-Commissioner of the DMV to prevent the Circuit Court of Kanawha County from accepting jurisdiction over an administrative appeal of the DMV's order revoking Michael Doonan's driver's license. Mr. Doonan was arrested for DUI in Wood County, West Virginia. *Id.* at 301, 752 S.E.2d at 332. The order revoking Mr. Doonan's driver's license was affirmed by the OAH, and he filed a petition for review with the Circuit Court of Wood County. *Id.* At a hearing before that court, Mr. Doonan's counsel stated that Mr. Doonan no longer lived in Wood County and had moved to Florida; accordingly, counsel requested that the matter be transferred to the Circuit Court of Kanawha County. *Id.* at 301-02, 752 S.E.2d at 332-33. The Circuit Court of Wood County granted the request and ordered that the case be transferred to Kanawha County. *Id.* at 302, 752 S.E.2d at 333.

In granting the writ, we noted that "[*a*]*t the time Mr. Doonan filed his petition for review* of the Commissioner's order revoking his driver's license in the Circuit Court of Wood County, he neither resided nor did business in Wood County as required by West Virginia Code § 29A-5-

---

[7]Petitioner also asserts that the circuit court erred in reversing the OAH's final order by substituting its judgment for the OAH's. Because we dispose of this case on jurisdictional grounds, we need not reach this assignment of error.

4(b)." *Id.* at 303, 752 S.E.2d at 334 (emphasis added). Thus, we found that the Circuit Court of Wood County "never acquired subject matter jurisdiction" of the appeal, and therefore lacked the authority to transfer the case. *Id.*

We further explained that "'it is fundamental doctrine that "jurisdiction of the subject-matter can only be acquired by virtue of the Constitution or of some statute."'" *Id.* at 303-04, 752 S.E.2d at 334-35 (quoting *Cruikshank v. Duffield*, 138 W. Va. 726, 734, 77 S.E.2d 600, 604 (1953)). Jurisdiction over appeals from orders of the OAH specifically "is acquired by virtue of West Virginia Code § 29A-5-4(b), which clearly requires that the petition for review be filed in either the Circuit Court of Kanawha County or in the circuit court of the county in which [the petitioner] resides or does business." *Id.* at 304, 752 S.E.2d at 335. And while "[j]urisdiction of the person may be conferred by consent of the parties or the lack of such jurisdiction may be waived," the same is not true of subject matter jurisdiction. *Id.* at 303, 752 S.E.2d at 334 (citation omitted). Rather, "[j]urisdiction of the subject matter must exist as a matter of law." *Id.* (citation omitted). In *Dale*, transferring the case to Kanawha County was improper because "[w]henever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." *Id.* at 304, 752 S.E.2d at 335 (citation omitted).

Under these principles, we find that the Circuit Court of Ohio County had no jurisdiction over respondent's appeal, and its subsequent order reversing the OAH's final order is void. *See id.* (citing *Whittaker v. Whittaker*, 228 W. Va. 84, 87, 717 S.E.2d 868, 871 (2011) ("[A]ny decree made by a court lacking [subject matter] jurisdiction is void.")). At the time he filed his petition for review, respondent was no longer a member of Left of Center, nor was he employed by Snelson. Both his membership in the band and employment with Snelson ended months before he filed his petition for review in Ohio County, and his then-current employment with Apex involved no work in Ohio County. In fact, respondent asserted that he last worked in Ohio County at "the Highlands before Cabela's was built," and Cabela's opened there in 2004. Accordingly, the circuit court erred in concluding that respondent's work for Snelson or participation in a defunct band conferred subject matter jurisdiction.

For the foregoing reasons, the circuit court's February 28, 2018, order is hereby reversed, and the case is remanded for entry of an order dismissing this case from its docket.

Reversed and remanded.

**ISSUED:** April 19, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison