**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Huntington Realty Corporation,**
**Petitioner Below, Petitioner**

**v.) No. 23-743** (ICA No. 22-ICA-239)

**City of Huntington Board of Zoning Appeals,**
**Barnett Commons L.P., and**
**City of Huntington Land Bank Fast Track Authority,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Huntington Realty Corporation (HRC) appeals the October 23, 2023, order of the Intermediate Court of Appeals of West Virginia (ICA) dismissing the petitioner's appeal for lack of jurisdiction.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's order is appropriate. *See* W. Va. R. App. P. 21(c).

HRC filed a petition for a writ of certiorari with the Circuit Court of Cabell County seeking review of a parking variance for a development project granted by Respondent City of Huntington Board of Zoning Appeals to Respondent Barnett Commons L.P. In an order entered October 12, 2022, the circuit court denied HRC's petition, and HRC appealed that decision to the ICA on November 9, 2022. On October 23, 2023, the ICA dismissed HRC's appeal by order, concluding that it lacked appellate jurisdiction over appeals of extraordinary remedies. On November 2, 2023, HRC filed "Petitioner's Motion to Transfer Case or Petitioner's Motion to Reopen Case" with the ICA. The ICA rejected that filing.[2] HRC then appealed to this Court.[3]

---

[1] The petitioner is represented by counsel J. William St. Clair and A. Courtenay Craig. Respondent City of Huntington Board of Zoning Appeals is represented by counsel Ericka B. Hernandez, Assistant City Attorney for the City of Huntington, and Scott A. Damron, City Attorney for the City of Huntington. Respondent Barnett Commons L.P. is represented by counsel Lee Murray Hall and Alexis A. Nash. Respondent City of Huntington Land Bank Fast Track Authority is represented by counsel Sam Ransbottom, Assistant City Attorney for the City of Huntington.

[2] The petitioner also filed related motions with this Court, which were refused.

[3] In its brief to this Court, HRC only assigns error related to the underlying circuit court's decision about the parking variance. HRC addresses the only issue that is presently before our Court—whether the ICA erred by dismissing the appeal for lack of jurisdiction—in its reply. Issues

1

The order on appeal to this Court is a dismissal for lack of subject-matter jurisdiction. Subject-matter jurisdiction is jurisdiction over a matter acquired through the Constitution or a statute. *See State ex rel. Dale v. Stucky*, 232 W. Va. 299, 303-04, 752 S.E.2d 330, 334-35 (2013) . Subject-matter jurisdiction can be raised at any time by a party or sua sponte by a court, and whether a court has subject-matter jurisdiction is a question of law. *Jackson v. Harvey*, 250 W. Va. 721, 729, 908 S.E.2d 458, 466 (2024) (quoting *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 345, 801 S.E.2d 216, 223 (2017), and *Snider v. Snider*, 209 W. Va. 771, 777, 551 S.E.2d 693, 699 (2001)); *see also* Syl. Pt. 2, *In re K.A.*, 251 W. Va. 626, 915 S.E.2d 520 (2025) (holding that "[w]hether a circuit court has subject-matter jurisdiction is an issue of law reviewed de novo"). This Court reviews questions of law de novo. Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

The action that HRC filed in circuit court and then pursued on appeal to the ICA was a petition for a writ of certiorari.[4] Certiorari is an extraordinary remedy. Syl. Pt. 1, in part, *Poe v. Mach. Works*, 24 W. Va. 517 (1884). The statutory provisions regarding certiorari are set forth in the Extraordinary Remedies Chapter of the West Virginia Code, specifically, in West Virginia Code §§ 53-3-1 to -6. However, West Virginia Code § 51-11-4(d)(10) (2022) expressly provides that the ICA "does not have appellate jurisdiction over the following matters: . . . [e]xtraordinary remedies, as provided in § 53-1-1 *et seq.* of this code, and any appeal of a decision or order of another court regarding an extraordinary remedy[.]"[5] As such, the ICA plainly lacked jurisdiction over the petitioner's appeal.

For the foregoing reasons, we affirm the order of the ICA dismissing the petitioner's appeal.

Affirmed.

---

regarding the parking variance granted by the circuit court are not properly before our Court because HRC did not file a timely appeal of the circuit court's certiorari order to our Court. *See* W. Va. Code § 58-5-4 (1998) (requiring appeals to be filed within four months of the judgment, with the possibility of an additional two-month extension).

[4] *See* W. Va. Code § 8A-9-1(a) (providing that "[e]very decision or order of . . . [a] board of zoning appeals is subject to review by certiorari").

[5] The 2022 version of this statute was in effect when the appeal was filed at the ICA and when the ICA entered its dismissal order. Effective June 6, 2024, the Legislature amended the statute to provide that the ICA does not have appellate jurisdiction over "[j]udgments or final orders issued in proceedings where the relief sought is one or more of the following extraordinary remedies: writ of prohibition, writ of mandamus, writ of quo warranto, writ of certiorari, writ of habeas corpus, special receivers, arrests in civil cases, and personal safety orders[.]" W. Va. Code § 51-11-4(d)(10) (2024). Our decision in this case would be the same under either version of the statute.

**ISSUED:** September 16, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison