# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Andrew J. Whittaker, Jr.,**
**Respondent Below, Petitioner**

**vs) No. 13-1307** (Raleigh County 05-D-331)

**Jewell K. Whittaker,**
**Petitioner Below, Respondent**

**FILED**

October 17, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and respondent below, Andrew J. Whittaker, Jr., by counsel Christen M. Justice and Tristan Clark-Bragg, appeals the November 22, 2013, order of the Circuit Court of Raleigh County that affirmed the family court's decretal judgment order that ordered him to pay professional fees in the total amount of $509,566.00, including 8% interest, to his former wife, Respondent and petitioner below, Jewell K. Whittaker, in connection with the parties' divorce. Respondent, by counsel Christine B. Stump and Barry L. Bruce, filed a response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on May 7, 1966, and on May 27, 2005, respondent filed a petition for divorce in Raleigh County. A final divorce order was entered on November 7, 2008. [1] Among other things, it included the following provision regarding petitioner's payment of respondent's "professional fees":

14) PROFESSIONAL FEES

By agreement, the Respondent [Mr. Whittaker] shall pay the sum of . . . ($371,000.00) to [Mrs. Whittaker] evidenced by a note to be signed by [Mr. Whittaker] within thirty (30) days, to be paid within five years of this date, with the right to prepay at an interest rate of 8% per annum secured by a first Deed of Trust on the Beckley Speedway property. However, [Mrs. Whittaker] shall sign a

---

[1] It is noted that the November 7, 2008, order was entitled "Findings of Fact and Conclusions of Law," but that it clearly indicated that it "is a Final Order" that is subject to an appeal.

1

release for the sale of any parcel of said property under the condition the sale proceeds shall be divided equally between the parties and [Mr. Whittaker] shall receive credit toward the stated indebtedness. The amount shall be amortized over a 60 month period with the first payment due December 15, 2008[,] and payments due on the same date each and every month thereafter. Any lump sum payments will be credited, but [the] payment schedule shall not be altered thereby.

Neither party appealed this final divorce order. Respondent subsequently filed a motion for contempt based upon petitioner's failure to comply with the provisions of the final divorce order relating to marital distribution. Following a hearing on the matter, the Family Court of Raleigh County entered a Final Order from Contempt Hearing on March 25, 2009. Notably, this contempt order did not involve or otherwise address the aforementioned agreement regarding professional fees that was set forth in the final divorce order. Petitioner appealed the contempt order to the circuit court. By order entered December 1, 2009,[2] the circuit court entered an order that reversed the finding of contempt and also specifically ordered "that the family court's order entered November 7, 2008, *with respect to marital distribution* should be and it is hereby reversed, upon which it is further ordered that *the issue of marital distribution* should be and it is hereby remanded to family court in accordance with," inter alia, the circuit court's December 1, 2009, memorandum. (Emphasis added). In that memorandum, the circuit court concluded that the family court erroneously directed petitioner to transfer to respondent assets that belonged to petitioner's limited liability corporation, which assets, the circuit court found, were not part of the marital estate. The circuit court concluded that "the family court does not have the subject matter jurisdiction to order the transfer of assets that are not part of the marital estate[,]" and that "[a]s a result, the parties have not yet achieved *a valid and enforceable order for marital distribution*, and it is necessary to remand the matter again to the family court *for that purpose*." (Emphasis added).

Upon respondent's appeal of the circuit court's December 1, 2009, order, this Court reversed and concluded that the terms of the marital property settlement agreement were enforceable because petitioner had the authority to transfer property belonging to his limited liability corporation—of which he was the only member—to respondent. *See Whittaker v. Whittaker*, 228 W.Va. 84, 717 S.E.2d 868 (2011). Petitioner's petition for writ of certiorari to the United States Supreme Court was denied on November 28, 2011.

On May 22, 2013, respondent filed a revised petition for rule to show cause and contempt for petitioner's failure to pay toward the aforementioned professional fees. Respondent also sought a "decretal judgment" in the amount of $509,566.00, which was the agreed upon sum for professional fees ($371,000.00), plus the agreed upon interest of 8% amortized from January of

---

[2] The circuit court's December 1, 2009, order was designated an "Order [r]eversing and remanding family court's order entered November 7, 2008[,] with respect to marital distribution; [r]eversing family court order entered March 25, 2009, finding contempt."

2

2009 through May of 2013, with a per diem rate of $81.32.[3] Petitioner filed an answer and a hearing was conducted. The family court granted respondent's motion and entered a decretal judgment order in the amount requested. The circuit court affirmed by order entered November 22, 2013. This appeal followed.

Our review of the circuit court's order is governed by the following standard:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law de novo." Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Mayle v. Mayle*, 229 W.Va. 179, 727 S.E.2d 855 (2012).

On appeal, petitioner argues that the circuit court abused its discretion by ordering petitioner to pay the interest that accrued during the time period when the matter was on appeal and when no valid and enforceable order was in place—that is, from the date of entry of the circuit court's December 1, 2009, order that reversed and remanded the family court's November 7, 2008, and March 25, 2009, orders, until petitioner's petition for writ of certiorari was denied by the United States Supreme Court on November 28, 2011.[4] We disagree.

Petitioner's argument misconstrues the meaning and effect of the circuit court's December 1, 2009, order. In that order, the circuit court specifically concluded that the family court's November 7, 2008, order, "*with respect to marital distribution* should be and it is hereby reversed, upon which it is further ordered that *the issue of marital distribution* should be and it is hereby remanded to family court . . . ." (Emphasis added). The December 1, 2009, order further concluded that "the family court does not have the subject matter jurisdiction to order the transfer of assets that are not part of the marital estate[,]" and that "[a]s a result, the parties have not yet achieved *a valid and enforceable order for marital distribution*, and it is necessary to remand the matter again to the family court *for that purpose*." (Emphasis added). This language makes clear that, notwithstanding petitioner's argument to the contrary, the November 7, 2008, order entered by the family court was *not* void with respect to the professional fees that petitioner agreed to pay, as set forth in paragraph 14 of that order. In the order presently on appeal, the circuit court found that paragraph 14 "was clearly exclusive and not part of the marital distribution order" that was reversed by the December 1, 2009, order. We, therefore, conclude

---

[3] As noted above, paragraph 14 of the November 7, 2008, order provided that the amount of the professional fees "shall be amortized over a 60 month period with the first payment due December 15, 2008[,] and payments due on the same date each and every month thereafter."

[4] It is noted that petitioner failed to request a stay regarding either his obligations under the professional fees provision of the November 7, 2008, order, or the accrual of interest on such payments during the pendency of the appeal. *See* W.Va. Fam. Ct. R. Prac. & P. 27 and W.Va. R. App. P. 29.

that the circuit court did not abuse its discretion in affirming the family court's order that "grant[ed] interest on professional fees during the time in which the matter was on appeal."

Petitioner also argues that the entry of a "decretal judgment order" was improper in this case because, historically, such judgments have been reserved only to enforce payment of arrearages in alimony and child support. As we held in syllabus point one of *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987), "[m]atured installments provided for in a decree, which orders the payment of monthly sums for alimony or child support, stand as 'decretal judgments' against the party charged with the payments." Petitioner argues that the payment of professional fees does not fall within either alimony or child support and, therefore, cannot be enforced through a "decretal judgment order." We find petitioner's argument to be without merit.

It is beyond dispute that the November 7, 2008, order is the parties' final divorce order. The professional fees at issue are provided for in that order and, on May 22, 2013, after petitioner failed to make any payment thereon, respondent filed a petition for rule to show cause and contempt for petitioner's failure to pay toward these fees, which were ordered to be paid monthly over a sixty month period. Petitioner does not dispute that he has failed to fulfill any of the professional fees payment requirements provided for in the November 7, 2008, final divorce order. Thus, a decretal judgment for the unpaid amount was properly ordered. *See Debrosky v. Walt*, No. 11-0322 (W.Va. Supreme Court, June 6, 2012) (memorandum decision) (decretal judgment entered for mother's failure to timely pay proportionate one-half share of children's medical bills). We, therefore, conclude that the circuit court did not err by entering a decretal judgment order in the amount of $509,566.00 for unpaid professional fees.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4