607 S.E.2d 434

**In re The Marriage of Diana Lynn MASON, Petitioner Below, Appellant,**

v.

**Michael G. MASON, Respondent Below, Appellee.**

**No. 31741.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 29, 2004.

Filed Dec. 1, 2004.

---

John W. Barrett, Barrett Law Firm PLLC, Charleston, for the Appellant.

Michael G. Mason, Pro Se.

ALBRIGHT, Justice.

Appellant Diana L. Mason appeals from the October 17, 2003, order of the Circuit Court of Kanawha County through which a family court's adoption of a mediated parenting plan was upheld which modified the original parenting plan based on the petition of Appellee Michael G. Mason. Based on the withdrawal of her consent to amend the established parenting plan, Appellant argues that the lower court erred in enforcing the amended plan. Upon our review of the record and the applicable rules, we conclude that the trial court committed error in enforcing a mediated agreement to which Appellant had withdrawn her consent prior to the court's entering of its order pertinent to such agreement. Accordingly, we reverse.

## I. Factual and Procedural Background

The parties to this appeal were divorced by a final order dated March 6, 2002. Through the entry of the final order, the circuit court adopted the parties' joint proposed parenting plan. Pursuant to this parenting plan, Appellant was granted the sole physical care and custody of the parties' only child, Sarah B. Under the original parenting plan, Appellee had overnight visitation with Sarah B. on alternating weekends from Saturday until Sunday. Appellee was required to pay child support in the amount of $203.51 per month.

On October 31, 2002, Appellee filed a Petition for Modification of Custody, Visitation, Child Support and Contempt. Based on his assertion that there was a substantial change in circumstances since the final order of divorce, Mr. Mason sought to have the primary custodial responsibility of Sarah B. transferred to him or, in the alternative, he sought shared parenting such that he and Appellant would have an equal amount of parenting time with their child. In his petition, Appellee represented that Sarah B. had requested that she be permitted to reside with her father.

In response to Appellee's petition, Appellant filed a counterpetition through which she sought a ruling of contempt against Mr. Mason. In support of her contempt motion, she averred that Mr. Mason had called her vicious and hateful names in the presence of their daughter. She further alleged that Appellee had obtained part-time employment in addition to his full-time employment and accordingly requested that the child support amount be increased.

On April 4, 2003, the parties participated in court-directed mediation. Initially, Appellant's counsel was in attendance at the mediation. Due to the fact that Appellee was without legal representation, the mediator asked Appellant's counsel not to participate in the mediation. In compliance with the mediator's request, Appellant's counsel promptly retired from the mediation.

During the course of the actual mediation, the parties agreed to equal parenting time with their daughter and a proposed mediated parenting plan was reached. Due to her dismissal from the mediation proceeding, Appellant's counsel did not have a chance to review the proposed document until after the mediation. At some point following the conclusion of the mediation, Appellant decided to withdraw her support for the modified parenting plan.

The mediator submitted her mediation outcome report to the family court on April 8, 2003. Appellant's counsel did not sign the mediated parenting plan and advised Appellee's former counsel that Ms. Mason was withdrawing her support for the mediated plan.

On July 10, 2003, the family court held a hearing on both the petition and counterpetition. After hearing the arguments of both parties with regard to the issue of whether the mediated parenting plan should be enforced, the family court stated that it would enforce the mediated agreement. The family court indicated that the parties could submit to mediation a second time to seek to alter the parenting plan if they so desired and that lawyers could attend that mediation. The family court suggested that a new mediator preside over any future mediation. By order dated September 8, 2003, the family court adopted the mediated parenting plan, altering the original parenting plan to "reflect that the child will reside with each parent on an equal basis" meaning that "[t]he child will spend every other week with each parent."

Through this appeal, Appellant seeks to prevent the enforcement of the family court's order which altered the original parenting plan under which she was the primary physical custodian of the parties' child.

## II. Standard of Review

We announced in *May v. May*, 214 W.Va. 394, 589 S.E.2d 536 (2003), that "[t]he standard of review by this Court, either from an appeal of a decision by a circuit court or an appeal directly from a ruling by a family court judge, is set forth in W.Va.Code § 51–2A–14(b)." 214 W.Va. at 398, 589 S.E.2d at 540. That statute provides, in pertinent part, that "the circuit court shall review the findings of fact made by the family court judge under the clearly erroneous standard and shall review the application of law to the facts under an abuse of discretion standard." W.Va.Code § 51–2A–14(b) (2001) (Supp. 2004). And, as we further stated in *May*, "[w]e review questions of law de novo." 214 W.Va. at 398, 589 S.E.2d at 540. With those standards in mind, we proceed to determine whether the circuit court committed reversible error in enforcing the mediated parenting plan.

## III. Discussion

The sole issue presented through this appeal is whether a family court judge can enforce a mediated parenting plan to which a party has withdrawn his or her consent prior to the court's entry of an order adopting such plan. The West Virginia Rules of Practice and Procedure for Family Court establish rules which govern the court-ordered mediation of family disputes. The Rules provide as follows: "If a mediated agreement is reached, the mediator shall inform the parties that the agreement has no binding legal effect until it is adopted by court order, and that either party may withdraw from the agreement prior to the court's adoption of the agreement." W.Va.R.Fam.Ct. 42(c).

In clearly stated language, the mediated parenting plan that is at issue provides: "This is a mediated parenting plan prepared by the mediator as required by the Rules of Practice and Procedure for Family Court, and neither parent is required to sign nor has signed the mediated agreement." When Appellant's counsel received the mediated parenting plan under discussion a note was attached to it, indicating "please file if you agree." Appellant's counsel chose not to file the plan because her client had withdrawn her support for the plan immediately after the mediation.

The critical component of mutual assent in the instance of adopting mediated agreements is also addressed by Rule 43 of the Family Court Rules. That rule provides that "[a]fter being informed on the record of the mediated agreement's child support implications, if the parties assent to the agreement on the record, and if the court determines there is no impediment to the validity of the agreement, the court shall incorporate the mediated agreement in an order." W.Va. R.Fam.Ct. 43. Rather than consenting to the mediated parenting plan, Appellant steadfastly refused to give her consent to the family court judge.

Advocating in favor of the consent requirements addressed by Family Court Rules 42 and 43, Appellant stresses that in light of the inherent power struggles involved in domestic cases, there is an obvious need for "careful consideration and on-the-record assent to mediated agreements." We agree. Pursuant to Rule 42(c) of the West Virginia Rules of Practice and Procedure for Family Court, either party is free to withdraw his or her consent to a mediated agreement prior to the

adoption of that agreement by the family court. Barring bilateral consent, there is no basis for the family court to adopt a mediated agreement.

Appellant notes additionally that the family court acted in violation of Family Court Rule 43 by enforcing the mediated parenting plan. Rule 43 provides that "[u]pon receipt of a mediated agreement the court shall review the agreement to determine if it is knowing, voluntary, and in the best interests of the parties' children." W.Va.R.Fam.Ct. 43. Without making any findings that the parenting plan fulfilled these requirements, the family court proceeded to enforce the mediated parenting agreement when it knew the critical elements of mutual assent and voluntariness were not present.[1] The record of this case makes clear that both the family court and then the circuit court committed error by enforcing a mediated parenting plan which lacked the requisite consent of one of the parties.

Based on the foregoing, the decision of the Circuit Court of Kanawha County is hereby reversed.

Reversed.

---

1. The family court apparently believed that the best course of action was to alter the original parenting plan and then permit the parties to pursue further mediation. This manner of action, however, is clearly not in consonance with the Family Court Rules. Nor is it approved by this Court.