# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jack Walter Rader,**
**Respondent Below, Petitioner**

**vs.)  No. 20-0889** (Kanawha County 18-D-1298)

**Gregory Brian Fink,**
**Petitioner Below, Respondent**[1]

## MEMORANDUM DECISION

Petitioner Jack Walter Rader, by counsel Scott L. Summers, appeals the Circuit Court of Kanawha County's October 2, 2020, order denying petitioner's appeal from family court. The family court order affirmed by the circuit court denied petitioner's motion to enforce a mediated settlement agreement. Respondent Gregory Brian Fink, by counsel Shawn D. Bayliss, filed a response in support of the circuit court's order to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on May 2, 2012, in Delaware, though they later moved to West Virginia, where they were residents of Kanawha County for at least one year prior to filing for divorce. During their marriage, they adopted two children. On November 13, 2019, the Family Court of Kanawha County entered an order bifurcating the divorce proceedings. It granted the requested divorce on the grounds of irreconcilable differences and made a custody determination as to the children. The parties were ordered to mediate "all outstanding issues" prior to the final hearing.

On January 3, 2020, the parties participated in a mediation, at the conclusion of which they reached a full agreement with regard to all of the remaining issues in the divorce action. The mediator, Mike Kelly, prepared a summary of the parties' agreement, which was executed by both parties and their respective counsel. However, on January 8, 2020, respondent sent a letter seeking

---

[1] It appears that the parties were incorrectly designated as petitioner and respondent at the circuit court level.

1

to disavow the settlement agreement, claiming that it was "inequitable and not in his best interest." Petitioner filed a motion to enforce the settlement agreement, and by order entered on July 29, 2020, the family court denied that motion.[2] In that order, the family court found that "Rule 43[(c)] of the *Rules of Practice and Procedure for Family Court* provides that the parties[' mediation agreement] has no binding legal effect until it is adopted by court order; and, that either party may withdraw from the agreement prior to the court's adoption of the agreement. The [c]ourt finds that although the case law speaks of Property Settlement Agreement it does not specifically provide for 'mediated' settlement agreements." Accordingly, the family court denied the motion to enforce, and petitioner appealed that order to the Circuit Court of Kanawha County.

On October 2, 2020, the circuit court entered its order denying that petition for appeal, finding that

> after review of the cited case law provided by counsel, as well as Rule 43(c) of the *Rules of Practice and Procedure for Family Courts* [the court] FINDS that the parties[' agreement] ha[s] no binding legal effect unless the executed agreement is adopted by court order. The case file does not reflect that the executed agreement was adopted by court order.

Petitioner appeals from that order.

As we have consistently held,

> "[i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Whittaker v. Whittaker*, 228 W. Va. 84, 717 S.E.2d 868 (2011).

On appeal, petitioner asserts a single assignment of error: The circuit court erred in relying on Rule 43(c) of the Rules of Practice and Procedure for Family Court in denying petitioner's appeal from the family court's July 29, 2020, order, wherein the family court erred in ruling that Rule 43 permitted respondent to withdraw from the parties' written mediated property settlement agreement. Rule 43(c) of the Rules of Practice and Procedure for Family Court provides

---

[2] In respondent's response to petitioner's motion to enforce the mediated settlement agreement, respondent asserted that the "mediation process was intense, emotional and focused on [r]espondent's request for spousal support, and his additional request for a greater percentage of [p]etitioner's premarital retirement account" and that "throughout the mediation process, [respondent] was intimidated by Mediator Mike Kelly, and that the scenarios presented caused him great anxiety and concern. Accordingly, [respondent] felt great pressure to enter into an agreement that he does not believe is fair, equitable nor in his best interest."

Procedure Upon Conclusion of Mediation. If a mediated agreement is reached, the mediator shall inform the parties that the agreement has no binding legal effect until it is adopted by court order, and that either party may withdraw from the agreement prior to the court's adoption of the agreement. Within five days of the conclusion of mediation, the mediator shall reduce any mediated agreement to writing on the required form; prepare a Mediation Outcome Report on the required form; file the agreement with the circuit clerk; send copies of the agreement to the parties; and send a copy of the report to the court.

In support of his argument, petitioner asserts that property settlement agreements are binding. He argues that the circuit court and family court erred in relying on Rule 43 in carving out an exception to Rule 25.14 of the West Virginia Trial Court Rules "Enforceability of Settlement Agreement." Petitioner, without citing any authority, contends that there are only three instances where the family court is permitted to ignore the parties' property settlement agreement: 1) a finding by the court that the agreement was obtained by fraud, duress, or other unconscionable conduct by one of the parties; 2) the property settlement agreement, which, if incorporated into a judicial order, would not be enforceable by a court in future proceedings; or 3) that the agreement, viewed in the context of the actual contributions of the respective parties to the net value of the marital property of the parties, is so inequitable as to defeat the purpose of this section, and such agreement was inequitable at the time the same was executed.

Petitioner further argues that Rule 43 applies only to mediations concerning parenting—not the mediation of property distribution. Petitioner asserts that a quick review of this Court's webpage with regard to "Family Court-Ordered Mediation in West Virginia" clearly indicates that the Rules of Practice and Procedure for Family Court relating to mediation are meant to solely address mediation of parenting issues and have no application to mediations relating to non-parenting issues. He concludes by arguing that because Rule 43 does not apply to agreements relating to alimony, equitable distribution, and property settlements, it does not provide the parties with blanket authority to disavow or back out of all agreements; parties may only disavow agreements relating to parenting issues.

Rule 43 explicitly outlines mediation procedures for matters proceeding in family court, including that a mediated "agreement has no binding legal effect until it is adopted by court order" and "either party may withdraw from the agreement prior to the court's adoption of the agreement." Here, it is undisputed that respondent withdrew from the mediated settlement agreement prior to the family court adopting the same. While petitioner asks this Court to limit the application of Rule 43 to mediations that involve parenting, nothing in Rule 43 suggests that it is limited as petitioner contends. In addition, this Court previously found

> [p]ursuant to Rule 4[3](c) of the West Virginia Rules of Practice and Procedure for Family Court, either party is free to withdraw his or her consent to a mediated agreement prior to the adoption of that agreement by the family court. Barring bilateral consent, there is no basis for the family court to adopt a mediated agreement.

3

Syl., *Mason v. Mason*, 216 W. Va. 328, 607 S.E.2d 434 (2004).[3] While *Mason* addressed a parenting plan issue, our holding in that case is not specifically limited to parenting plans. Moreover, Rule 1 of the Rules of Practice and Procedure for Family Court specifically provides that "[t]hese rules shall govern all proceedings in Family Court with the exception of domestic violence civil proceedings unless specifically referenced in these rules. If these rules conflict with other rules or statutes, these rules shall apply." Therefore, it is clear that the family court properly applied Rule 43 of the Rules of Practice and Procedure for Family Court and the circuit court did not err in affirming that decision.[4]

Affirmed.

**ISSUED:** January 24, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

**DISSENTING:**

Hutchison, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

---

[3] At the time of the *Mason* decision, Rule 42(c) of the Rules of Practice and Procedure for Family Court provided as follows: "If a mediated agreement is reached, the mediator shall inform the parties that the agreement has no binding legal effect until it is adopted by court order, and that either party may withdraw from the agreement prior to the court's adoption of the agreement." Rule 42 was renumbered to Rule 43 effective December 1, 2005.

[4] We also note that Rule 43 was last amended in 2005 while Trial Court Rule 25.14 was last amended in 2004.